UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| APSEY ACCOUNTING AND TAX, LLC and JENNIFER APSEY, <br><br> Plaintiffs, <br><br> vs. <br><br> TWIN CITY FIRE INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. ---- <br> ) <br> ) District Court of Johnson County, Kansas <br> ) Case No. 24CV01468 <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant Twin City Fire Insurance Co. ("Twin City"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rules 81.1 and 81.2, files this Notice of Removal, hereby removing the above-captioned action from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas. In support of this Notice of Removal, Twin City states as follows:[1]

## STATE COURT PROCEEDING

1. On March 21, 2024, Plaintiffs Apsey Accounting and Tax Preparation, LLC ("Apsey Accounting") and Jennifer Apsey (collectively "Plaintiffs") commenced this action in the District Court of Johnson County, Kansas, Case No. 24CV01468. A copy of Plaintiffs' Petition and summons is attached as **Exhibit A**. Twin City will timely file a copy of all records and proceedings filed in the state court as required by Local Rule 81.2.

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Twin City's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

2. Plaintiffs served the Petition and summons on Twin City, through CT Corporation System, on March 26, 2024.

**DIVERSITY OF PARTIES**

3. 28 U.S.C. §1446(a) provides that a defendant seeking to remove a state court action to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." Importantly, "[a] statement 'short and plain' need not contain evidentiary submissions," as "courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014) (notice of removal pleading standard discussed in CAFA removal action).

4. There are differing, emerging views among the federal courts as to the method by which a removing party must allege the citizenship of unincorporated associations such as limited partnerships and limited liability companies. Noting the difficulties in identifying each member of unincorporated associations such as limited partnerships and limited liability companies given the paucity of publicly available information, the Third Circuit in *Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99 (3d Cir. 2015) held that a removing party satisfies its burden by alleging that no member of a given entity-party is a member of State X if the removing party has conducted a reasonable search of publicly available documents. The court in *Tutor Perini Building Corp. v. New York City Regional Center, LLC,* 2020 WL 7711629, *2 (S.D.N.Y. Dec. 29, 2020), opted for a middle course, permitting parties to conduct limited jurisdictional discovery prior to addressing remand motion in lieu of fully adopting the *Lincoln Ben* approach.

5. The Tenth Circuit has yet to address the question, but this Court has held that the federal removal statute purposefully tracks the pleading requirements of Rule 8, and "courts should

2

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Fire Door Sols., LLC v. Castro*, No. 20-2536-JWB, 2021 WL 1817695, at *1 (D. Kan. May 6, 2021) (quoting *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Additionally, this Court has held that when a party invoking diversity jurisdiction cannot identify each LLC member but provides some evidence suggesting diversity of citizenship, "limited discovery to develop a record showing [diversity of citizenship existed]" is permissible. *Yusuf v. Stevens*, No. 21-2313-SAC-JPO, 2021 WL 4772958, at *2 (D. Kan. Oct. 13, 2021).

6. Based on its searches of publicly available documents, including publicly available filings with the Kansas Secretary of State and other publicly available documents, complete diversity existed at the time the underlying suit was filed and continues to exist at this time in that neither Plaintiff is a citizen of any state of which Defendant Twin City is a citizen.

7. At all times relevant hereto Defendant Twin City was and is a citizen of the states of Indiana and Connecticut as it is a corporation incorporated in Indiana which maintained and maintains its principal place of business in Connecticut. *See* 28 U.S.C. § 1332(c)(1).

8. No evidence suggests that either Plaintiff was a citizen of any state other than Kansas at the time this lawsuit was filed in state court, and no evidence suggests that either Plaintiff is a citizen of any state other than Kansas as of the time of this removal. As alleged in the Petition, Plaintiff Apsey Accounting was and is a Kansas Limited Liability Company. Based on publicly available information on the Kansas Secretary of State's Office, Apsey Accounting's Registered Address and Principal Office were and are both in Johnson County, Kansas.

9. The only natural persons identified in any capacity for Apsey Accounting in any publicly available records are Plaintiff Jennifer Apsey and Steve Apsey. From 2008–2022, Apsey Accounting filed Annual Reports with the Kansas Secretary of State. Jennifer Apsey is the only

3

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

person identified in any of those reports as a member of Apsey Accounting.[2] Based upon extensive public record searches and other publicly available information, Plaintiff Jennifer Apsey appears to have been a citizen of the State of Kansas at the time of the filing of the removed lawsuit and appears still to be a citizen of State of Kansas as of the time of this removal. In addition, based on extensive searches of publicly available information, Jennifer Apsey was not a citizen of Indiana or Connecticut (the states in which Twin City is a citizen for diversity purposes) at the time of the filing of the removed lawsuit and is not a citizen of Indiana or Connecticut as of the time of this removal.

10. The only other natural person associated with Apsey Accounting in any publicly available records is Steve Apsey. Mr. Apsey signed the Articles of Organization for Apsey Accounting, dated October 30, 2007. Based upon public record searches, Steve Apsey is a citizen of the State of Kansas.

11. Twin City's research has revealed no other publicly available materials listing any other person, with any interest in, or serving in any capacity for, Apsey Accounting apart from Jennifer Apsey and Steve Apsey. Moreover, beginning with the Articles of Organization, and continuing through the present, the only addresses for Aspey Accounting shown on any publicly available documents are both located in Kansas (9222 Goddard Street, Overland Park, Kansas 66214 and 20979 W 117th Terrace, Olathe, Kansas). Additionally, based on information obtained from the Register of Deeds for Johnson County, Kansas, one of the addresses associated with Apsey Accounting (20979 W. 117th Terrace, Olathe, Kansas) is a single-family residential property owned by Jennifer Apsey and Steve Apsey.

---

[2] The Annual Reports disclose "Members who own 5% or more of [the LLC's] capital."

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

12. In sum, based on extensive searches of publicly available information, neither Plaintiff was a citizen of the same states in which Twin City is a citizen at the time the removed lawsuit was filed and neither Plaintiff is currently a citizen of the same states in which Twin City is a citizen.

13. Accordingly, complete diversity exists between Plaintiffs and Twin City herein.

14. To the extent any question should arise as to the same, Twin City respectfully requests the opportunity to engage in limited jurisdictional discovery on the issue of diversity of citizenship. *See Yusuf*, 2021 WL 4772958, at *2.

## AMOUNT IN CONTROVERSY

15. The jurisdictional amount requirement is satisfied because the value of Plaintiffs' claims exceeds $75,000, exclusive of interests and costs.

16. Generally, removal to federal court proceeds on jurisdictional allegations, not proof of jurisdictional facts. *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023). A notice of removal need only plausibly allege that the amount at issue exceeds the jurisdictional threshold. *Id.* The district court may also rely on the allegations in the plaintiff's complaint. *Id.*

17. Evidence establishing jurisdiction is required only if the plaintiff challenges, or the Court questions, the allegations in the notice of removal. *Id.* If that occurs, the Court will have both sides submit evidence and the Court will decide, by a preponderance of the evidence, whether the amount-in-controversy requirement is satisfied. *Mortko v. Krueger*, No. 22-2176-JWB, 2022 WL 4130835, at *2 (D. Kan. Sept. 12, 2022).

18. Here, Plaintiffs' Petition alleges that in the underlying arbitration action, the arbitrator entered an award in favor of Claimants and against Plaintiffs in the amount of

5

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

$94,472.29. Plaintiffs further allege that that Twin City is "liable for the entire judgment" entered in the underlying action, and Plaintiffs are seeking to recover from Twin City Plaintiffs' "actual damages." *See* Plaintiffs' Complaint, ¶¶ 52, 61.

19. Thus, the amount in controversy in this suit is at least $94,472.29. Accordingly, the amount-in-controversy requirement is satisfied.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

20. This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed by Twin City within 30 days of service of the Petition and summons.

21. No motions are pending before the state court at the time of removal.

22. This district's civil cover sheet is attached as **Exhibit B**.

23. As Twin City is the only named defendant in this suit, no consent of any other defendant pursuant to 28 U.S.C. § 1446(b)(2)(A) is required.

24. Pursuant to 28 U.S.C. § 1446, Twin City is filing a Notice of Removal with the District Court of Johnson County, Kansas, and Twin City will promptly serve the same upon Plaintiffs' counsel.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, Twin City hereby removes this matter from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas.

Dated: April 24, 2024

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Respectfully submitted,          ARMSTRONG TEASDALE LLP

*/s/ Skyler D. Davenport*
Patrick J. Kenny          #18414
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
(314) 621-5070
(314) 621-5065
pkenny@atllp.com

Skyler D. Davenport          #28784
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
(816) 221-3420
(816) 221-0786 (fax)
sdavenport@atllp.com

**ATTORNEYS FOR TWIN CITY FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2024, a true and accurate copy of the foregoing document was filed electronically with the Court, with notice of the filing generated and sent electronically by the system to all parties entitled to service. Additionally, the foregoing document was served upon the following via electronic mail:

Jordan Dollar
1100 Main Street, Suite 2600
Kansas City, MO 64105
jordan@dollar-law.com
*Attorney for Plaintiffs*

         */s/ Skyler D. Davenport*

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.