**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

## COMMISSIONER'S PROOF OF SERVICE

Apsey Accounting and Tax Preparation LLC

Plaintiff

VS.

Twin City Fire Insurance Company

Defendant

Case No. 24CV01468

District Court
Johnson County
Olathe, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on March 26, 2024, I received the Summons and Petition for Damages in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Twin City Fire Insurance Company
c/o CT Corporation System
112 SW 7th Street Suite 3C
Topeka, KS 66603

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 26th day of March, 2024.

Vicki Schmidt
Commissioner of Insurance

BY:

_____

Justin L. McFarland
General Counsel

Exhibit A

COURT CLERK-JOCO, KS
'24 MAR 28 PM 2:50

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

APSEY ACCOUNTING AND TAX PREPARATION LLC
          Plaintiff

vs

TWIN CITY FIRE INSURANCE COMPANY
          Defendant

Case No: 24CV01468
Division: 4
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

    Name:   JORDAN T DOLLAR
    Address: 1100 MAIN STREET SUITE 2600
                KANSAS CITY, MO 641055194
    Phone:  (816) 876-2600

Within 40 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



/s/ Jennie Leach
Clerk of the District Court

Dated: March 21, 2024

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061   **Exhibit A**

*Clerk of the District Court, Johnson County Kansas*
*3/21/2024 13:44:07 ST*

24CV01468
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| APSEY ACCOUNTING AND TAX PREPARATION, LLC, </br></br>and</br></br>JENNIFER APSEY,</br></br>        Plaintiffs,</br></br>v.</br></br>TWIN CITY FIRE INSURANCE COMPANY,</br>**SERVE**:</br>Commissioner of Insurance,</br>Kansas Insurance Department,</br>1300 SW Arrowhead,</br>Topeka, KS 66604,</br></br>        Defendant. | Case No.:</br></br>**JURY TRIAL DEMANDED** |

## PETITION FOR DAMAGES

COMES NOW, Plaintiffs Apsey Accounting and Tax Preparation and Jennifer Apsey (collectively, "Apsey"), by and through counsel, and for their Petition for Damages, state and allege as follows:

### Parties

1. Apsey Accounting and Tax Preparation, LLC is a Kansas Limited Liability Company.

2. Jennifer Apsey is an individual over the age of eighteen, who resides in Kansas.

Exhibit A

*Clerk of the District Court, Johnson County Kansas*
*03/21/24  10:47am ST*

3. Defendant Twin City Fire Insurance Company ("Twin City") is a corporation, incorporated in the State of Connecticut, and can be served by serving the Commissioner of Insurance pursuant to K.S.A. 40-218.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction as it is a Court of general jurisdiction.

5. This Court has personal jurisdiction over the Defendant as it transacted business within this state and entered into contracts within this state.

6. This Court further has personal jurisdiction over Twin City as it contracted to insure the Plaintiffs in Kansas.

7. Venue is proper in this county as the cause of action arose in this county.

**Factual Background**

8. Apsey is in the business of providing accounting and tax preparation service.

9. Apsey contracted with Twin City to obtain sufficient and necessary insurance for its business.

10. Twin City issued a policy of insurance to Apsey Accounting and Tax Preparation, LLC with effective dates from November 1, 2022, to November 1, 2023.

11. Twin City issued similar policies of insurance to Apsey Accounting and Tax Preparation, LLC for prior years, including 2018-2022.

12. Jennifer Apsey, as an employee of Apsey Accounting and Tax Preparation, LLC, was an insured under the policy(s).

Exhibit A

{Petition for Damages.docx} 2  
*Clerk of the District Court, Johnson County Kansas*  
*03/21/24 10:47am ST*

13. In 2018, Nick and Sarah Biby (collectively, "Biby"), the plaintiffs in the underlying matter, were clients of Apsey and used Apsey to prepare and file their taxes.

14. In 2018, Nick Biby entered into an agreement to sell a substantial portion of his ownership rights in a company.

15. The sale of the company included a large down payment as well as an owner-financed installment payment plan.

16. Apsey was hired to prepare and file the Biby's taxes for the years 2018, 2019, 2020, 2021, and 2022.

17. In preparing the 2018 tax returns, Apsey included the installment portion of the sale, but failed to notice or to include the substantial downpayment, a taxable event.

18. Apsey first learned there was an issue with the 2018 tax return in September of 2022.

19. Apsey then filed an amended 2018 return for the Bibys.

20. However, even in September 2022, Apsey was not able to identify the specific issue with the return and had not yet identified the error in the 2018 return.

21. Even in September 2022, Apsey had not identified the error in the return was a result of her negligence.

22. In December 2022, for the first time, Apsey discovered the error that led to the incorrect return in 2018.

23. The filing error resulted in substantial tax penalties against the Bibys.

24. The Bibys brought a claim against Apsey to recover damages that occurred as a result of the filing error made by Apsey.

Exhibit A

25. At the time of the occurrence, Apsey was covered under an insurance policy issued by Twin City Fire Insurance Company (policy No. 37 SBA BZ 3698 SA).

26. The policy has a business liability limit of $1,000,000.

27. The policy has an aggregate limit of $2,000,000 for Products Completed Operations.

28. Apsey timely notified Twin City about the claims and demanded it defend and indemnify her under the policy(s) of insurance.

29. Twin City was timely notified of the claims against Apsey.

30. Prior to issuing any denial of coverage, Twin City never hired or retained defense counsel for Plaintiff.

31. On February 16, 2023, Twin City denied coverage via email.

32. On March 3, 2023, Twin City issued a denial of coverage letter to Apsey.

33. Twin City refused to provide a defense or indemnity to any insured under the policy.

34. Following Twin City's wrongful denial of coverage, Apsey and the Bibys entered into an Arbitration Agreement under the Federal Arbitration Act and the Kansas Uniform Arbitration Act.

35. In October 2023, this claim the Biby's claim was submitted to binding arbitration.

36. The arbitrator heard evidence and argument of counsel.

37. The arbitrator issued his ruling on October 26, 20223.

**Exhibit A**

38. The arbitrator concluded that it was reasonable that Apsey would not have identified her/its own mistake or should have identified her/its own mistake in September 2022.

39. The arbitrator further found it was not until December 2022 when Apsey was provided with notice of the tax penalties levied against the Bibys.

40. The arbitrator awarded $94,472.29 in favor of the Bibys and against Apsey.

41. On January 30, 2024, the District Court of Johnson County, Kansas entered Judgment confirming the Arbitration Award.

## Count I - Breach of Contract
## Against Twin City

42. Plaintiff incorporates all other paragraphs into this count as though fully stated herein.

43. Twin City's insurance policy with Plaintiff obligated them to defend Apsey against the Biby's claims.

44. The policy of insurance provided coverage for the claims alleged by the Bibys and no exclusion precluded coverage for the claims.

45. Alternatively, if an exclusion applies, said exclusion means the policy of insurance only provided illusory coverage to the Plaintiffs.

46. Twin City breached their obligation under the insurance policy when they denied coverage and failed to provide a defense and/or indemnity to Plaintiffs.

47. Twin City further breached the policy by failing to timely notify Plaintiffs of its coverage position.

**Exhibit A**

{Petition for Damages.docx;1} 5
Clerk of the District Court, Johnson County Kansas
03/21/24  10:47am ST

48. As to any coverage arguments, Twin City has waived and/or is estopped from making those arguments through its own independent conduct.

49. As to any exclusion contained in the policy, Twin City has waived and/or estopped from making those arguments or the exclusion contains ambiguous language that must be resolved in favor of Plaintiffs.

50. Twin City breached the contract of the insurance policy and the conditions bargained for by Apsey.

51. As a direct and proximate result of Twin City's material breach, a judgment was entered against Apsey.

52. Under applicable law, Twin City's breach of the duty to defend makes them liable for the entire judgment.

WHEREFORE, Plaintiff requests judgment against Twin City for actual damages, costs, and all other proper relief.

### Count II - Bad Faith Refusal to Settle
### Against Twin City

53. Plaintiff incorporates all other paragraphs into this count as though fully stated herein.

54. Twin City's insurance policy with Plaintiff obligated it to negotiate settlement with the Bibys.

55. The policy of insurance provided coverage for the claims alleged by the Bibys and no exclusion precluded coverage for the claims.

**Exhibit A**

{Petition for Damages.docx;1} 6
*Clerk of the District Court, Johnson County Kansas*
*03/21/24  10:47am ST*

56. Alternatively, if an exclusion applies, said exclusion means the policy of insurance only provided illusory coverage to the Plaintiff.

57. Twin City breached their obligation under the insurance policy when they refused to negotiate settlement with the Bibys.

58. As to any coverage arguments, Twin City has waived and/or is estopped from making those arguments through its own independent conduct.

59. As to any exclusion contained in the policy, Twin City has waived and/or estopped from making those arguments or the exclusion contains ambiguous language that must be resolved in favor of Plaintiff.

60. As a direct and proximate result of Twin City's material breach, a judgment was entered against Plaintiff.

61. Under applicable law, Twin City's bad faith refusal to settle makes them liable for the entire judgment.

WHEREFORE, Plaintiff requests judgment against Twin City for actual damages, costs, and all other proper relief.

Respectfully Submitted,

DOLLAR, BURNS, BECKER & HERSHEWE, L.C.

/s/ Jordan Dollar
Jordan Dollar                                          KS#29407
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 876-2600
(816) 221-8763 Fax
jordan@dollar-law.com
ATTORNEYS FOR PLAINTIFFS

**Exhibit A**

{Petition for Damages.docx}  Clerk of the District Court, Johnson County Kansas
                             03/21/24  10:47am ST